UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALFRED D. HARVEY JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10CV551 TIA |
| ) | |
| CITIMORTGAGE, INC., SANJIV DAS, ) | |
| and PAUL INCE, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants CitiMortgage, Sanjiv Das, and Paul Ince's Motion to Dismiss (Docket No. 10). Plaintiff Alfred D. Harvey Jr. filed an Answer to Defendants [*sic*] Motion to Dismiss (Docket No. 14) and Defendants filed a Reply (Docket No. 17) thereto. After the Honorable Judge Jean Hamilton issued a Memorandum and Order dismissing a case involving claims almost identical to the ones pending in the instant action, Defendants requested leave to file a supplemental memorandum in support of their motion to dismiss, and the undersigned granted the same. The motion is fully briefed and ready for disposition. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

### **I. Background**

On September 28, 2007, Plaintiff Alfred Harvey Jr. entered into a promissory note with CitiMortgage, d/b/a ABN AMRO Mortgage Group, Inc. for a $1,000,000 refinance loan. (Pltf.'s Compl., at Exh. 1). Plaintiff currently owes approximately $981,000.00. (Id.). The loan was secured by a deed of trust on Plaintiff's residence. (Deft.s' Motion to Dismiss, Exh. B). On April 1, 2010, Plaintiff filed a *pro se* Verified Complaint seeking to be discharged of the debt owed on his mortgage

and be reimbursed all payments made plus interest. (Pltf.'s Compl.).

Plaintiff cites numerous federal statutes as purported evidence that "the instrument/obligation became voidable when the Defendant participated in fraudulent and illegal activity violating the rules of the laws under which the note/instrument bond is expressly governed." (Pltf.'s Compl., at p. 5). In the Verified Complaint, Plaintiff alleges that Defendants are "attempting to collect upon a debt by unlawful means through a security deed that has been rescinded under The Truth in Lending Act" by "convert[ing] the note into a draft by endorsement by one of their authorized representatives without the knowledge or consent of Alfred D. Harvey Jr, thereby altering ALFRED D. HARVEY JR'S capacity as the debtor to a surety on the contract which was not originally disclosed." (Id. at 6). In Count I, Plaintiff alleges fraud in the inducement contending that CitiMortgage used deceit and trickery so that he entered an agreement deeding away his real property under a security deed. (Id, at 7). In Count II, Plaintiff alleges fraud in fact asserting that CitiMortgage converted him to be a surety on an investment contract without his knowledge and falsely represented Plaintiff to be debtor and a recipient of a loan. (Id.). In Count III, Plaintiff alleges material misrepresentation stemming from CitiMortgage's concealing the true nature of the loan agreements and other material facts thereby precluding Plaintiff to rescind the contract earlier. (Id.). As relief, Plaintiff seeks to have his mortgage discharged and to be released from his lien, to have all payments made on the loan returned, and to have the individual Defendants personally fined.

## II. Legal Standards

The United States Supreme Court recently held that a complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp.

v. Twombly, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

Although *pro se* complaints, "however inartfully pleaded," are to be held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), "a district court should not assume the role of advocate for the pro se litigant," nor may a district court "rewrite a [complaint] to include claims that were never presented." Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999) (quotations omitted), cited with approval in Palmer v. Clarke, 408 F.3d 423, 444 n.15 (8th Cir. 2005).

### III. Discussion

#### A. Individual Defendants

Plaintiff's Verified Complaint contains no factual allegations against either Defendants Sanjiv Das or Paul Ince in their individual capacities. A review of the Verified Complaint shows that every factual allegation relates to the individual Defendants[1] in their capacities as agents or officers of CitiMortgage, and thus Defendants correctly argue that such allegations are insufficient to state a claim against the individual Defendants.

"In Missouri, merely holding a corporate office does not subject one to personal liability for the misdeeds of the corporation." Grothe v. Helterbrand, 946 S.W.2d 301, 304 (Mo. Ct. App. 1997). To hold a corporate officer individually liable for tortious corporate conduct, the officer must be shown to have "actual or constructive knowledge of, and participated in, an actionable wrong." Lynch v. Blanke Baer & Bowey Krimko, Inc., 901 S.W.2d 147, 153 (Mo. Ct. App. 1995). The undersigned finds that the three-Count Verified Complaint is devoid of any allegations against either Defendants Sanjiv Das or Paul Ince in their individual capacity. Accordingly, Defendants Sanjiv Das and Paul Ince will be dismissed in their individual capacities inasmuch as Plaintiff's factual allegations only relate to them in their capacities as agents or officers of CitiMortgage.

#### B. Failure to State a Claim

Although Defendants contend that the instant Complaint should be dismissed for failure to comply with Rule 8. Fed.R.Civ.P. 8, Defendants also argue that the Complaint fails to state any cognizable cause of action. Rule 8 requires Plaintiff to give a short and plain statement of the claim

---

[1] The undersigned finds that Defendant Paul Ince is not named in the allegations set forth in the Verified Complaint.

for relief. The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct, 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556). To survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." Twombly, 550 U.S. at 555. Plausible claims allow courts to draw "the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Inasmuch as the instant complaint fails to state any cognizable cause of action, the undersigned will not address whether the complaint should be dismissed for failing to comply with Rule 8.

Upon consideration of the facts set forth in the Verified Complaint, the Court finds that with these allegations Plaintiff fails to state a cognizable claim for relief. Specifically, the Court finds the promissory note and deed of trust entered into between Plaintiff and CitiMortgage confirm that Plaintiff obtained a $1,000,000.00 loan utilizing the deed of trust as a securing interest securing repayment of the loan to the lender. By making mortgage payments each month from May, 2009, until July, 2010, Plaintiff acknowledged the validity of the loan.

### 1. Vapor Money Theory

Plaintiff argues that his loan is invalid inasmuch as the loan is not backed by actual money. In the Verified Complaint, Plaintiff alleges that "Citimorgage[*sic*] and Directors are attempting to collect upon a debt by unlawful means through a security deed" ... by "convert[ing] the note into a draft by endorsement by one of their authorized representatives without the knowledge or consent of Alfred D. Harvey Jr[*sic*] thereby altering ALFRED D. HARVEY JR'S capacity as the debtor to a surety on the contract which was not originally disclosed." (Pltf.'s Compl., at Exh. 1 at 6). Thus,

Plaintiff contends that he is "actually the creditor and surety in fact," and endorsed a note to CitiMortgage which CitiMortgage "fraudulently altered and endorsed," and "there is no valid contract between Citimortgage[*sic*] and Alfred D. Harvey Jr. in which Bank of America has not rights or claims to enforce any remedies under the terminated Security Deed." ... "Bank of America[2] pooling and servicing agreements will identify Alfred D. Harvey Jr. as the true lender and will also show that there are zero loans outstanding in the quarter in which the alleged loan was contracted." (Id. at 6-7).

As in the related case before the Honorable Jean Hamilton, the Court noted that although the vapor money theory has not been addressed by any court within the Eighth Circuit, this theory and "similar arguments have been rejected by federal courts across the country." Michael J. Barnes v. Citigroup Inc., et al., Cause Number 4:10cv620JCH at *4 (quoting McLehan v. Mortgage Electronic Registration Sys., No. 08-12565, 2009 WL 1542929 at *2 (E.D. Mich. June 2, 2009))(citations omitted). In her memorandum opinion, Judge Hamilton cites numerous court opinions rejecting the vapor money theory as a basis of recovery. Accordingly, the undersigned finds that the vapor theory is not a valid legal basis to recovery, and dismisses the claims based upon such theory.

### 2. 42 U.S.C. § 1983

A review of Plaintiff's Verified Complaint shows that the complaint is devoid of any allegations setting forth the elements for a § 1983 action. "The 'ultimate issue' to determine whether a person is subject to a section 1983 action is whether 'the alleged infringement of federal rights [is] fairly attributable to the state?'" Barnes, Cause Number 4:10cv620JCH at *4-5(quoting Gentsch v. Ownit Mort. Solutions Inc., 2009 WL 1390843, at *8 (E.D. Cal. May 14, 2009)). Plaintiff's Verified

---

[2]Although not named as a party to the instant lawsuit, the corporate entity of Bank of America, appears in the verified complaint.

Complaint contains no allegations sufficient to establish that Defendants were state actors or were acting under color of state law as "willful participant[s] in joint action with the State or its agents." DuBose v. Kelly, 187 F.3d 999, 1003 (8th Cir. 1999) (internal quotations and citation omitted). Thus, Defendants are neither state actors nor liable under § 1983. See Gentsch, 2009 WL 1309843, at *9 (holding that loan servicer is not a state actor and that a foreclosure does not violate § 1983). Likewise, the Complaint is devoid of any allegations regarding a deprivation of "rights, privileges or immunities secured by the Constitution or laws of the United States." DuBose, 198 F.3d at 1002 (quoting Parratt v. Taylor, 451 U.S. 527, 535 (1981)). A review of the Complaint shows that Plaintiff seeks to void a contract based on alleged fraud and other statutory violations. Accordingly, inasmuch Plaintiff's Verified Complaint fails to contain any allegations that Defendants acted under color of state law or that Defendants acted to deprive Plaintiff of any federally protected right, Plaintiff's § 1983 claim must be dismissed.

    **3.    National Bank Act**

Although Plaintiff alleges that Defendants violated the National Bank Act, none of the cited provisions are applicable. 12 U.S.C. § 83 prohibiting national banks from making loans on the security of the shares of their own capital stock is inapplicable inasmuch as Plaintiff's loan was secured by his residence, not by CitiMortgage's stock. Likewise, Plaintiff's reliance on 12 U.S.C. § 29 prohibiting a national bank from "hold[ing] the possession of any real estate under mortgage, or the title and possession of any real estate purchased to secure any debts due to it, for a longer period than five years," is misplaced as Citimortgage does not possess Plaintiff's property. See Defts' Exh. 1 at 11. As noted by Defendants and found by Judge Hamilton, national banks are permitted to "'make, arrange, purchase or sell loans or extensions of credit secured by liens on interests in real

estate,' and thirty-year mortgages are common in the lending industry." Barnes, Cause Number 4:10cv620JCH at *5. Accordingly, Plaintiff's National Bank Act claims should be dismissed.

### 4. Fair Debt Collection Practices Act

Plaintiff makes a passing reference to the Fair Debt Collection Practices Act ("FECPA"), 15 U.S.C. §§ 1692, et seq. in the Verified Complaint by alleging that the "Bank Directors" failed "to answer to challenges to the debt though they are required to by the Fair Debt Collections Practice Act, endorsing the Note/Bond after the initial transaction in order to receive funds through my signature, fraudulently acting as and assuming the legal position of a Lender when in fact they provided no consideration in the contract, transferring a loan after actions and notices of fraud hade[*sic*] been made against the transaction in violation of Missouri State Law." ((Pltf.'s Compl., at Exh. 1 at 9). The undersigned finds that the FECPA does not apply inasmuch the FDCPA defines a debt collector as "any person ... who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). But the FDCPA also limits this definition. Among other limitations, "debt collector" does not include "any officer or employee or a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A). Likewise, it does not include "any person collecting or attempting to collect any debt owed or due ... to the extent such activity ... (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person...." 15 U.S.C. § 1692a(6)(F). "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985), mod. on other grounds, 761 F.2d

237 (5th Cir. 1985)). These limitations make clear that an entity attempting to collect its own debt is not a "debt collector' under the FDCPA. Thus, CitiMortgage as the original creditor does not fall within the parameters of a debt collector under the FDCPA. See § 1692a(4) (distinguishing creditors from debt collectors as defined in § 1692a(6)).

**5.      Securities Violations**

Plaintiff alleges that Defendants' conduct amounts to "a direct SEC violation on disclosure, fraud against investors and filing of fraudulent reports to the SEC." (Pltf.'s Compl., at Exh. 1 at 7). Inasmuch as Plaintiff fails to allege that he bought and sold any securities, his securities fraud claim must be dismissed for lack of standing. See Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 735-36 (1975) (noting that remedies for securities fraud "are by their own terms expressly limited to purchasers or sellers of securities.").

**6.      State Law Fraud Claims**

The Verified Complaints contains various fraud allegations asserting that Defendants allegedly committed "fraud in the inducement" by using "deceit and trickery" to force Plaintiff to execute the agreement and to enter the loan; and "material misrepresentation" by deliberately hid[ing] and falsif[ying] material facts about the true nature of the loan agreements and concealed those material facts thereby depriving [Plaintiff] the opportunity to abort the contract sooner than later." (Pltf.'s Compl., at Exh. 1 at 7). The other claim labeled "fraud in fact" alleges that "Citimortgage[sic] concealed the fact that they were going to convert me to surety on an investment contract." (Pltf.'s Compl., at Exh. 1 at 7).

Fraudulent inducement is a subset of fraudulent misrepresentation. Bracht v. Grushewsky, 448 F. Supp. 2d 1103, 1110 (E.D. Mo. 2006). Missouri law provides that the elements of fraudulent

misrepresentation are:

> (1) a false, material representation; (2) the speaker's knowledge of its falsity or his ignorance of its truth; (3) the speaker's intent that it should be acted upon by the hearer in the manner reasonably contemplated; (4) the hearer's ignorance of the falsity of the representation; (5) the hearer's reliance on its truth; (6) the hearer's right to rely thereon; and (7) the hearer's consequent and proximately caused injury.

Harris v. Smith, 250 S.W.3d 804, 808 (Mo. Ct. App. 2008) (citation omitted). Fraudulent inducement occurs when fraudulent misrepresentation leads another to enter into a transaction with a false impression of the risks, duties, or obligations involved. Bracht, 448 F. Supp. 2d at 1110.

A claim involving fraud requires a heightened pleading requirement, and each element must be pleaded with particularity, although precise details need not be pleaded where the subject matter of the fraud is uniquely within the defendants' knowledge or control. In re K-Tel Intern., Inc. Securities Litigation, 300 F.3d 881, 904 (8th Cir. 2002). Claims of fraud must be pled under Rule 9 of the Federal Rules of Civil Procedure with particularity, including "the time, place and contents of false representations, as well as the identity of the persons making the misrepresentation and what was obtained or given up thereby." BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) (quoting Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001)). "In other words, the party must typically identify the 'who, what, where, when, and how' of the alleged fraud." Id. (quoting United States ex rel. Costner v. URS Consultants, Inc., 317 F.3d 883, 888 (8th Cir. 2003)).

Applying the foregoing to the instant Complaint, Defendants argue that Plaintiff alleges no facts relating to the "who, what, where, when, and how" of CitiMortgage's purported fraud as required by Rule 9. Fed.R.Civ.P. 9. Indeed, a review of the Complaint shows devoid of allegations including naming any person who allegedly made misrepresentations to Plaintiff, describing the

material facts that were allegedly withheld from Plaintiff, stating that Plaintiff relied on any such misrepresentations in entering the loan, or explaining how Plaintiff was injured by the alleged misrepresentations. Accordingly, Plaintiff's claim of fraud in the inducement must fail inasmuch as the allegations are insufficient under Rule 9(b).

In the "fraud in fact" count, Plaintiff alleges that "Citimortgage concealed the fact that they were going to convert me to a surety on an investment contract and made false representation that I, Alfred D. Harvey Jr. was a debtor and that I, Alfred D. Harvey Jr. received a loan and am responsible for its repayment with the intent to benefit from my ignorance." (Pltf.'s Compl., at Exh. 1 at 7). Like Defendants, the Court construes this count as a fraud in the factum claim. The statute provides in relevant part that "the right to enforce the obligation of a party to pay an instrument is subject to the following: ... (1)(iii) fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or essential terms." Mo. Rev. Stat. § 400.3-305(a)(1)(iii). The comments to the U.C.C. explain a typical claim as follows:

> The common illustration is that of the maker who is tricked into signing a note in the belief that it is merely a receipt or some other document. The theory of the defense is that the signature on the instrument is ineffective because the signer did not intend to sign such an instrument at all. Under this provision, the defense extends to an instrument signed with knowledge that it is a negotiable instrument, but without knowledge of its essential terms. The test of the defense is that of excusable ignorance of the contents of the writing signed. The party must not only have been in ignorance, but must also have had no reasonable opportunity to obtain knowledge.

Mo. Ann. Stat. § 400.3-305(a)(1)(iii) cmt. 1 (1994). On the record before the Court, the undersigned finds that the promissory note and the deed of trust on the face of the documents show that the transaction was a loan, secured by Plaintiff's residence. Accordingly, Plaintiff's claim of fraud in the factum must fail.

Therefore, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants CitiMortgage, Sanjiv Das, and Paul Ince's Motion to Dismiss (Docket No. 10) is **GRANTED.** A separate Judgment shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Answer to Respondents Motion to Dismiss Case Facts (Docket No. 25) is **DENIED**.

      /s/ Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE

Dated this  29th  day of March, 2011.